UNITED STATES DISTRICT COURT           O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| SONIA SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-09-129 |
| | § | |
| LAREDO INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Sonia Sanchez's ("Plaintiff") Motion to Remand. [Dkt. No. 3].[1] Having duly considered the pleadings, responsive filings, and the governing law, the Court **DENIES** Plaintiff's Motion to Remand.

## I. PROCEDURAL HISTORY AND RELEVANT FACTS

On October 26, 2009, Plaintiff commenced this action against the Laredo Independent School District ("Defendant"), her former employer, in the 111th Judicial District Court of Webb County, Texas. [Dkt. No. 1, Ex. 1]. Plaintiff's original petition alleges that Defendant conducted several unlawful employment practices against her, including gender discrimination, constructive discharge, and retaliation. [*Id*., ¶¶ 10-16]. The petition, in a section entitled "Nature of Action" specifically, asserts that Defendant violated Chapter 21 of the Texas Labor Code, Section 21.001 et. seq. [*Id*., ¶ 7]. However, the petition also asserts that Plaintiff "has been discriminated against by [Defendant] in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Texas Commission on Human Rights Act, as amended, because of retaliation." [*Id*., ¶ 9].

---

[1] "Dkt. No." refers to the docket number entry in the Court's electronic filing system. The Court will cite to the docket number entry rather than the title of each filing.

Defendant was served on October 28, 2009.  [*Id*., ¶ 2].   Thereafter, on November 25, 2009, Defendant removed this case from the 111th District Court of Webb County, Texas, asserting that it falls within this Court's federal question jurisdiction, under 28 U.S.C. § 1331, because Plaintiff's petition contains a cause of action under Title VII of the Civil Rights Act of 1964, as amended.  Defendant also asserts that the Court retains supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a).

On December 28, 2009, Plaintiff filed a Motion to Remand under 28 U.S.C. § 1447(c), contending that "she is clear and unambiguous in her petition that her claims are not based on a federal question," and that this Court therefore lacks subject-matter jurisdiction.  [Dkt. No. 3, ¶ 8].   Conversely, Plaintiff states that, "[i]f the court requires, [she] will amend her Petition to remove any indication of a federal question."  [*Id*.].

On January 18, 2010, Defendant filed a Memorandum in Response to Plaintiff's Motion to Remand.  [Dkt. No. 5].  In its Response, Defendant counters that, because the petition contains a cause of action under Title VII of the Civil Rights Act of 1964, it specifically asserts a violation of federal law.  As for Plaintiff's offer to amend her petition, Defendant responds that Plaintiff has failed to properly request leave to amend her pleadings, that she has failed to provide the Court with a reason to justify such an amendment, and that the only reason for her offer appears to be to defeat federal question jurisdiction.  [*Id*., ¶¶ 8-10].

## II.    DISCUSSION

It is axiomatic that the courts of the United States are courts of limited jurisdiction, and thus may only hear cases and controversies to the extent that these arise under the Constitution and pertinent acts of Congress.  28 U.S.C. § 1331 (2006); *see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998).   Consequently, federal courts "strictly construe"

removal jurisdiction, placing the burden of establishing jurisdiction upon the party seeking removal. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). "Under [the] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's pleaded complaint[.]" *Bernard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Here, Defendant, the removing party, argues that Plaintiff's petition specifically alleges a violation of federal law. The Court agrees. In addition to claims presented under state law, the petition clearly alleges that "[Plaintiff] believes that she has been discriminated against by [Defendant] in violation of Title VII of the Civil Rights Act of 1964, as amended[.]" [Dkt. No. 1, Ex. 1, ¶ 9]. Plaintiff's assertion that "she is clear and unambiguous in her petition that her claims are not based on a federal question" is therefore clearly without merit.

Of course, under the "well-pleaded complaint" rule, a plaintiff is "the master of the claim" and may therefore "avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, in this suit, the Petition clearly indicates that Plaintiff did not elect to rely exclusively on state law. In no uncertain terms, she has also sought relief under federal law. Because the Petition unambiguously asserts a claim under Title VII, the Court finds that, pursuant to 28 U.S.C. § 1331, Plaintiff's suit falls within this Court's original jurisdiction. Removal was therefore proper.

Next, aside from asserting that the Petition presents no federal question, Plaintiff states that, "[i]f the court (sic) requires, Plaintiff will amend her Petition to remove any indication of a federal question." [Dkt. No. 3, ¶ 8]. In so doing, Plaintiff appears to suggest that she may divest this Court of its federal question jurisdiction, simply by amending the Petition so as to exclude her Title VII claim. In support of this proposition, Plaintiff relies on *Harless v. CSX Hotels, Inc.*,

389 F.3d 444 (4th Cir. 2004).  In response, Defendant counters that Plaintiff has failed to request leave to amend her Petition, in accordance with Federal Rule of Civil Procedure 15.  Since Plaintiff has not filed a motion for leave to amend her Petition, the Court declines to address whether such a motion would be granted.  Nevertheless, to the extent Plaintiff relies upon *Harless* for the proposition that she may divest the Court of federal question jurisdiction—simply by amending the petition—the Court will now turn to address this particular proposition.

In short, Plaintiff's reliance on *Harless* is misguided.  In that case, the Fourth Circuit considered whether a district court abused its discretion in granting the plaintiff leave to file a second amendment to the complaint (which intentionally excluded all federal claims) and thereafter remanding the suit to state court.  389 F.3d at 448-449.  The *Harless* court concluded that, because the plaintiff had a "substantive and meritorious reason" to amend the complaint, other than simply defeating federal jurisdiction[,]" and because the district court found the amendment was made in good faith, the district court acted within its discretion by remanding the case to state court.  [*Id*. at 448].  Thus, contrary to Plaintiff's representation, *Harless* does not stand for the proposition that a plaintiff may divest a district court of federal question jurisdiction merely by amending the complaint so that only claims under state law remain.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is hereby **DENIED**.

IT IS SO ORDERED.

SIGNED this 9th day of February, 2010 in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE